*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 10, 2018

**BY ECF AND MAIL**
The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re: *United States v. Tasleem Khan*, 18 Cr. 139 (OTW)**

Dear Judge Wang:

      The Government respectfully submits this letter in advance of the sentencing of the defendant, Tasleem Khan, currently scheduled for August 17, 2018, at 10:00 a.m., and in response to the defendant's sentencing memorandum dated August 3, 2018. As suggested herein, the Government believes that a substantial criminal justice sentence, including a period of incarceration within the statutory range of 0 to 6 months' imprisonment, is sufficient and not greater than necessary to achieve the purposes of sentencing, and in particular to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and further general and specific deterrence.

    **A. Instant Offense Conduct**

      The defendant perpetrated a scheme to defraud at least two individuals who posted cellular telephones for sale on Craigslist. (Presentence Investigation Report ("PSR") ¶ 7.) Sometime before June 3, 2017, the defendant sent text messages to the seller of a number of cellular phones and arranged to meet on June 3, 2017 at a location in the Bronx (*Id.*; Dkt. No. 1 ("Complaint") ¶ 5(a)). When the two met, the defendant displayed a gold-like shield and impersonated a law enforcement officer. The defendant, pretending to be a law enforcement officer, lied to the seller and said the phones were stolen, took the phones, and drove away. (Complaint ¶ 5(b)). The defendant attempted to perpetrate a similar scheme on June 29, 2017, and again impersonated a law enforcement officer, displayed a gold-like shield, and told the seller the phone was stolen. (Complaint ¶ 6(a), (b).) On that occasion, however, the defendant did not take the phone, because the seller waved down a passing police car.

    **B. Procedural History**

      On or about July 17, 2017, the defendant was charged in a one-count criminal complaint with wire fraud. (Complaint). He was arrested on July 19 in Lumberton, New Jersey, and presented before the Honorable Sarah Netburn, United States Magistrate Judge. Judge Netburn

Hon. Ona T. Wang										Page 2
August 10, 2018

ordered the defendant released on bail conditions, including limits on his use of computers and smart phones, and the standard condition that the defendant not violate federal, state or local law while on bail. (Dkt. No. 6.)

Sometime before October 5, 2017, an individual in New Jersey took out a temporary restraining order against the defendant, based on his alleged unlawful use of electronic devices to harass this individual. Ultimately, the TRO was dismissed and no criminal charges filed. On October 5, 2017, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, held a bail revocation hearing regarding these issues, and imposed additional restrictions regarding the defendant's use of electronic devices and access to wireless internet. (Dkt. No. 10.)

On or about October 16, 2017, the defendant was arrested for shoplifting in Westhampton Township, New Jersey. On or about November 9, 2017, when the defendant reported to Pretrial Services in New Jersey related to this arrest, he submitted to urinalysis, which tested positive for the presence of marijuana. On December 5, 2017, the Honorable James L. Cott, United States Magistrate Judge, held a bail revocation hearing regarding these issues, and imposed the additional restriction that the defendant was required to participate in an outpatient drug treatment program. (Dkt. No. 14.)

On or about February 20, 2018, the defendant waived indictment, and the Government filed a one-count Information, charging the defendant with felony wire fraud. (Dkt. No. 18.) The case was assigned to the Honorable Kimba M. Wood, United States District Judge.

After numerous submissions in which the defendant, through his attorney, sought a deferred prosecution agreement or other alternative disposition to this case, the Government agreed to accept a misdemeanor disposition. Specifically, pursuant to a plea agreement, on April 17, 2018, the defendant pleaded guilty to a Superseding Information charging him with knowingly transferring a counterfeit official insignia from New Jersey to New York. (Dkt. No. 27.) Your Honor scheduled sentencing for August 17, 2018. On July 9, 2018, the United States Probation Office ("Probation") issued the final PSR. On August 3, 2018, the defendant's attorney submitted a sentencing letter along with exhibits. (Dkt. No. 35.)

### C. Presentence Investigation Report

In the PSR, Probation describes that because the offense of conviction is a Class B misdemeanor, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.9, the Guidelines do not apply. (PSR ¶¶ 3, 12, 26.) Probation recommends that the defendant be sentenced to three years' probation, including six months' home detention.

### D. Defendant's Sentencing Submission

The defendant submitted a detailed description of the offense, the defendant's background, and his path forward, along with exhibits, including a specific letter from the defendant himself. (Dkt. No. 35) ("Def.'s Submission") The defendant requests that he be sentenced to 18 months' probation, with no period of home detention. Def.'s Submission at 8.

### E. A Substantial Criminal Justice Sentence is Warranted in the Defendant's Case

Based on the submissions from the defendant through his attorney, the Government consented to accept a misdemeanor disposition from the defendant. But that *sui generis* disposition in no way mitigates the seriousness of the defendant's conduct. Only a substantial criminal justice sentence, including a period of incarceration, can properly reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment, and deter both the defendant and others.

The defendant's underlying conduct, the wire fraud, is of course serious felonious conduct. The offense for which the defendant was convicted, transferring what appeared to be a law enforcement badge in order to defraud and intimidate his victims, both indicated the defendant's disrespect for the law, and undermined the trust ordinary citizens should have that individuals bearing law enforcement badges are in fact acting under color of law. A substantial criminal justice sentence is also necessary to provide just punishment for the defendant's crimes, which had real consequences and real victims. Finally, as evidenced in the PSR's summary of the defendant's criminal history, the defendant has a long list of prior offenses, beginning when he was a juvenile and escalating as an adult to offenses involving narcotics, obstruction, and harassment. (PSR ¶¶ 13–25.) Only a substantial criminal justice sentence could serve to deter the defendant from committing such offenses again, and would also serve to deter others from committing such crimes.

Underlying the defendant's submission, wherein he requests a non-incarceratory sentence and fewer restrictions, is an important analytical error regarding his treatment by the Court over the past thirteen months. The defendant focuses on the conditions of the defendant's bail since his arrest, including his home detention, and states that at this point, the defendant "need[s] to transition to less restrictions, not more." Def.'s Submission at 8. But the bail conditions, set by the Court before the defendant had been adjudged guilty of any crime, were designed to provide the "least restrictive . . . combination of conditions" to "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Now that the defendant has pleaded guilty, the Court's role is different: to impose a sufficient sentence under Section 3553(a), which includes the need to punish the defendant for committing an offense for which he has been adjudged guilty. Further, the increased restrictions as part of the defendant's bail conditions were necessitated by the defendant's own violative conduct.

As the Government explained in the plea agreement and as the Probation Office explains in the PSR, because the defendant pleaded guilty to a Class B misdemeanor, the Sentencing Guidelines do not apply to this case. U.S.S.G. § 1B1.9. A review of the defendant's potential Guidelines exposure, however, serves to illustrate both the seriousness of the offense and the need for a serious criminal justice sentence. Had the defendant been convicted of felony wire fraud, the Government estimates he would face a Guidelines range of at least 18-24 months' imprisonment, based on a specific offense level of 13 (base offense level of 7, pursuant to U.S.S.G. § 2B1.1(a); a two-level enhancement for theft from another, pursuant to U.S.S.G. § 2B1.1(b)(3); a two-level enhancement for misrepresentation that the defendant was acting on behalf of a government agency, pursuant to U.S.S.G. § 2B1.1(b)(9)(A); and a two-level enhancement because the offense

Hon. Ona T. Wang											Page 4
August 10, 2018

involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(c)), and a criminal history category of III (based on his seven criminal offenses as an adult for which he has received dispositions that qualify under U.S.S.G. § 4A1.1(c), which allows up to a total of 4 points for the subsection).  Significantly, the Sentencing Commission has specifically addressed the defendant's misdemeanor offense of conviction, which as a matter of policy, warrants an upward departure from the normal sentencing range.  U.S.S.G. § 5K2.24.  While it may be true that "probation is given in all but the most exceptional of misdemeanor cases," Def.'s Submission at 7, this is precisely that exceptional misdemeanor case, where the Government has agreed to accept a misdemeanor disposition to resolve the defendant's quite serious felony conduct.

      The Government accepts and understands the defendant's difficult history and characteristics, including the treatment of the Ahmadi Muslim community in the defendant's native Pakistan, his family relationships, his challenging education, and his mental health.  Those factors contributed to the Government's acceptance of a misdemeanor disposition.  They do not fully mitigate the seriousness of his offense, the disrespect he has inculcated to the rule of law, the need to punish him, and to deter him and others from committing such offenses.  Only a substantial criminal justice sentence, including a term of incarceration, can meet those factors, and thus satisfy § 3553(a).

                                              Very truly yours,

                                              GEOFFREY S. BERMAN
                                              United States Attorney


                                    by: /s Samuel L. Raymond
                                        Samuel L. Raymond
                                        Assistant United States Attorney
                                        (914) 993-1946

cc: Jennifer Willis, Esq. (by ECF)